```
1   PETER R. DION-KINDEM (SBN 95267)
    PETER R. DION-KINDEM, P. C.
2   DION-KINDEM & CROCKETT
    21271 Burbank Blvd., Suite 100
3   Woodland Hills, California 91367
    Telephone:  (818) 883-4400
4   Fax:        (818) 676-0246

5   Attorneys for Plaintiff Andrew Georgopoulos
```

FILED
2012 FEB -6 PM 2:32
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew Georgopoulos,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Stampede Management, Nick Alter, Morris Yorn Barnes & Levine, EdgeCast Networks, Inc., and Does 1 through 10,<br><br>　　　　Defendants. | Case No. 11-CV-10625-PA-SS<br><br>**First Amended Complaint for Copyright Infringement**<br><br>**Demand for Jury Trial** |

Plaintiff Andrew Georgopoulos ("Plaintiff") alleges:

**First Claim for Relief**
**(Copyright Infringement – 17 U.S.C. § 101 *et seq.* against All Defendants)**

### Jurisdiction and Venue

1. ***Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. ***Venue.*** Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b), (c), and § 1400(a).

3. **Personal Jurisdiction.** Personal jurisdiction is proper over the Defendants because they either reside in California or the wrongful activity at issue concerns Defendants' operation of commercial businesses through which Defendants knowingly transact business and enter into contracts with individuals in California, including within the County of Los Angeles. Each of the Defendants, therefore, has purposefully availed itself of the privilege of doing business in California, and material elements of Defendants' wrongdoing occurred in this State, *i.e.*, Defendants caused the infringing images to be distributed to and displayed in Los Angeles County to thousands of persons.

4. Defendant Stampede Management is believed to be the business manager and/or agent for Snoop Dogg.

5. Defendant Nick Alter is an employee of Stampede Management.

6. Defendant Morris Yorn Barnes & Levine is believed to be the owner of the registered domain snoopdogg.com ("Website").

7. Defendants EdgeCast Networks, Inc. ("EdgeCast) is an internet service provider that owns, operates, and/or hosts the Website.

8. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

9. Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At some unknown time, the Defendants, or some of them, entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. The actions described below were taken in furtherance of such conspiracy. Defendants aided and abetted each other in the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

10. Plaintiff is a photographer. Plaintiff created the photographs identified in Exhibit 1 hereto ("Photographs"). Each of the Photographs consists of material original with Plaintiff and each is copyrightable subject matter. Plaintiff is the owner of all right, title, and interest in and to each of the Photographs. Plaintiff has registered the copyrights for the Photographs and has been issued a United States Certificate of Registration.

11. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. §§ 106(1), (3), and (5).)

12. Within the last three years, Plaintiff discovered that Defendants Stampede Management, Nick Alter, and Morris Yorn Barnes & Levine, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photographs, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photographs, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photographs, on the Website.

13. Such conduct constituted direct infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

14. Plaintiff reported the infringing activity to Stampede Management, EdgeCast and Morris Yorn Barnes & Levine, in writing. Said Defendants thereafter materially contributed to the infringement of Plaintiff's Photographs by failing to take simple measures that were available that would have prevented further infringement of the Photographs on the Websites, *i.e.*, by failing to expeditiously remove and/or disable access to the infringing items and/or terminate the infringing activity.

15. Defendants' conduct constitutes contributory infringement of Plaintiff's exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. Sections 106 and 501.

16. The infringement of Plaintiff's rights in and to each of the Photographs constitutes a separate and distinct act of infringement.

17. The acts of infringement of Defendants Stampede Management, EdgeCast and Morris Yorn Barnes & Levine were willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that said Defendants were aware of the infringing conduct on the Website but recklessly failed expeditiously to take steps available to them to prevent future infringing conduct.

18. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Photographs, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. section 504(b).

19. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. Section 504(c) with respect to each

**First Amended Complaint**

work infringed or such other amounts as may be proper under 17 U.S.C. Section 504(c).

20. Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. Section 505.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against each of the Defendants as follows:

1. That Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, be enjoined from:
   A. copying, reproducing, distributing, or publicly displaying the Photographs;
   B. posting the Photographs on the internet;
   C. inducing, causing, materially contributing to, and profiting from the foregoing acts committed by others.
2. That Defendants be ordered to destroy all photographs, documents, and other items, electronic or otherwise, in its possession, custody, or control, that infringe the copyrights of Plaintiff.
3. That Defendants be ordered to remove all links between their website and all websites that display or offer to distribute or copy authorized copies of the Photographs and be prohibited from performing advertising and linking functions for such websites.
4. An order restraining Defendants from providing access to infringing material or activity residing at a particular online site on Defendants' system or network.
5. For restitution in the amount of the benefit to Defendants by reason of their unlawful conduct.
6. For Plaintiff's actual damages.

**First Amended Complaint**

5

DION-KINDEM & CROCKETT

7. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct.

8. For statutory damages under the Copyright Act.

9. For prejudgment interest.

10. For attorneys' fees and full costs.

11. For such other and further relief as this Court deems just and appropriate.

Dated: February 4, 2012         DION-KINDEM & CROCKETT

By: _____
Peter R. Dion-Kindem, P.C.
Peter R. Dion-Kindem
Attorneys for Plaintiff
Andrew Georgopoulos

---

First Amended Complaint

6

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this case.

Dated: February 4, 2012                    DION-KINDEM & CROCKETT

By: _____
Peter R. Dion-Kindem, P.C.
Peter R. Dion-Kindem
Attorneys for Plaintiff
Andrew Georgopoulos

# Exhibit 1 to First Amended Complaint

*Andrew Georgopoulos vs. Priority Records, LLC, et al.*

| Item No. | Identification of the copyrighted work claimed to have been infringed | Identification of the infringing material or material that is the subject of infringing activity and that is to be removed or access to which is to be disabled and information reasonably sufficient to permit the service provider to locate the material | Link to photograph on www.Snoopdogg.com |
|---|---|---|---|
| 1. | Snoop Dogg & DPG-44.jpg (Copyright Registration No. VAu 1-082-144) | http://wac.1C01.edgecastcdn.net/801C01/snoopdogg.cdn/images/local/500/58be74a7-b443-44b1-9b2d-9f17efa6d54c.jpg | http://www.snoopdogg.com/photos/detail.aspx?fid=0&phid=9622 |
| 2. | Snoop Dogg & DPG-45.jpg (Copyright Registration No. VAu 1-082-144) | http://wac.1C01.edgecastcdn.net/801C01/snoopdogg.cdn/images/local/500/7c00a33a-1c3d-4ff1-8cc3-b6c0496c75b1 | http://www.snoopdogg.com/photos/detail.aspx?fid=0&phid=9624 |
| 3. | Snoop Dogg & DPG-48.jpg (Copyright Registration No. VAu 1-082-144) | http://wac.1C01.edgecastcdn.net/801C01/snoopdogg.cdn/images/local/500/070f1c3d-86e2-4181-abb7-cce4b305a577.jpg | http://www.snoopdogg.com/photos/detail.aspx?fid=0&phid=9623 |
| 4. | Snoop Dogg & DPG-49.jpg (Copyright Registration No. VAu 1-082-144) | http://wac.1C01.edgecastcdn.net/801C01/snoopdogg.cdn/images/local/500/60724b30-81f7-4ad8-8a98-351834a7dd71.jpg | http://www.snoopdogg.com/photos/detail.aspx?fid=0&phid=9626 |
| 5. | Snoop Dogg & DPG-54.jpg (Copyright Registration No. VAu 1-082-144) | http://wac.1C01.edgecastcdn.net/801C01/snoopdogg.cdn/images/local/500/d6f7b1e1-0a8c-4e46-8aca-2c54d33ce53e.jpg | http://www.snoopdogg.com/photos/detail.aspx?fid=0&phid=9625 |
| 6. | Snoop Dogg & DPG-59.jpg (Copyright Registration No. VAu 1-082-144) | http://wac.1C01.edgecastcdn.net/801C01/snoopdogg.cdn/images/local/500/781670a1-af32-43cc-b331-3c3e62b34358.jpg | http://www.snoopdogg.com/photos/detail.aspx?fid=0&phid=9621 |

| Item No. | Identification of the copyrighted work claimed to have been infringed | Identification of the infringing material or material that is the subject of infringing activity and that is to be removed or access to which is to be disabled and information reasonably sufficient to permit the service provider to locate the material | Link to photograph on www.Snoopdogg.com |
|---|---|---|---|
| 7. | Snoop Dogg & DPG-61.jpg (Copyright Registration No. VAu 1-082-144) | http://wac.1C01.edgecastcdn.net/801C01/snoopdogg.cdn/images/local/500/d0774cef-3568-4bed-8c80-0db5c7c79f84.jpg | http://www.snoopdogg.com/photos/detail.aspx?fid=0&phid=9620 |

First Amended Complaint

9